# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KRYSTINN L. SYDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16cv1143 |
| | ) | |
| LIFEMED USA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Attorney Kevin Bradley Cartledge's Motion to Withdraw on Behalf of Defendants (Docket Entry 16) (the "Motion to Withdraw") and Plaintiff's Motion to Compel Discovery Production and for Costs Incurred (Docket Entry 18) (the "Motion to Compel"). For the reasons that follow, the Court will grant in part the Motion to Withdraw and will grant the Motion to Compel.

## BACKGROUND

Krystinn L. Sydell (the "Plaintiff") commenced this action against LifeMed USA, Inc., the LifeMed Group, Inc., and Murray Maynard (the "Defendants"), alleging failure to pay wages and wrongful termination. (See generally Docket Entry 1.) Defendants filed an Answer and Counterclaim. (See generally Docket Entry 8.) On September 13, 2017, counsel for Defendants filed the Motion to Withdraw, noting that Defendants had discharged him and his law firm, as they "have no resource or intent to defend this matter

further."  (Docket Entry 16 at 1.)  Plaintiff responded in opposition, contending that, because LifeMed USA and the LifeMed Group (the "Corporate Defendants") cannot appear pro se, "withdrawal of Counsel without simultaneous substitution would effectively suspend this litigation-potentially indefinitely-and thus, deny justice to the Plaintiff."  (Docket Entry 20 at 2.) Defendants replied.  (Docket Entry 23.)[1]  In addition, Plaintiff filed the instant Motion to Compel (supported by a Memorandum (Docket Entry 19)), seeking an order requiring Defendants to provide the responses and documents requested in Plaintiff's First Set of Interrogatories and Plaintiff's First Requests for Production of Documents.  (Docket Entry 18 at 1; Docket Entry 19 at 2.)  Defendants did not respond to the Motion to Compel.  (See Docket Entries dated Sep. 21, 2017, to present.)

**DISCUSSION**

**I. Motion to Withdraw**

Under this Court's Local Rules, "[n]o attorney who has entered an appearance in any civil or criminal action shall be permitted to withdraw an appearance . . . except on order of the Court . . . ." M.D.N.C. LR 83.1(e)(1).  The North Carolina Rules of Professional Conduct, however, provide that "a lawyer . . . shall withdraw from the representation of a client if . . . the lawyer is discharged."

---

[1] Plaintiff filed an unauthorized surreply (Docket Entry 24), which the Court has not considered.

N.C. Rules of Prof'l Conduct R. 1.16(a)(3) (emphasis added). The decision to grant or deny a motion to withdraw falls within the Court's discretion. See Patterson v. Gemini Org., Ltd., 238 F.3d 414 (table), No. 99-1537, 2000 WL 1718542, at *2 (4th Cir. 2000) (citing Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999)). "In addressing motions to withdraw as counsel, district courts have typically considered whether the prosecution of the suit is likely to be disrupted," which in turn depends on the stage of the proceedings. Whiting, 187 F.3d at 320 (internal quotation marks and brackets omitted). Withdrawal of counsel becomes more problematic nearer to the trial date. See id. at 321 (comparing Brown v. National Survival Games, Inc., No. 91-CV-221, 1994 WL 6605533, at *3 (N.D.N.Y. Nov. 18, 1994) (finding that because "[discovery] is not complete and the case is not presently scheduled for trial . . . . granting the instant motion [to withdraw] will not likely cause undue delay"), with Malarkey v. Texaco, Inc., No. 81 Civ. 5224, 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989) (denying counsel's motion to withdraw where case was "on the verge of trial readiness")). Finally, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993).

Here, the Court finds that the risk of disruption does not warrant the denial of the Motion to Withdraw.  The discovery period has not concluded (see Text Order dated July 24, 2017), and the trial date remains more than eight months away (see Docket Entry 14).  Moreover, "[u]nder th[e]se circumstances where the client has terminated the relationship, 'by denying a counsel's motion to withdraw . . . [the C]ourt would be forcing an attorney to violate ethical duties and possibly be subject to sanctions.'" Awolesi v. Shinseki, 31 F. Supp. 3d 534, 538 (W.D.N.Y. 2014) (quoting Whiting, 187 F.3d at 321).  Finally, Defendants have indicated that they no longer wish to "defend this matter further" (Docket Entry 16 at 1), making it unlikely that granting the Motion to Withdraw would "suspend this litigation . . . indefinitely" (Docket Entry 17 at 2).  If Defendants fail to participate in this litigation, including by obtaining new counsel to appear for Corporate Defendants, the Court can enter appropriate orders and ultimately enter judgment against them.  See, e.g., Fed. R. Civ. P. 37(b)(2)(A), 41(c), 55(b).

The Court will therefore grant the Motion to Withdraw, except that, as to Corporate Defendants, counsel shall remain in the case for the limited purpose of receiving service of papers (which counsel must then forward to Corporate Defendants), unless/until new counsel appears on behalf of Corporate Defendants.  Defendant

Maynard will now proceed pro se and the Court will set a deadline for new counsel to appear for Corporate Defendants.

**II. Motion to Compel**

Defendants did not respond to the Motion to Compel. (See Docket Entries dated Sep. 21, 2017, to present.) By failing to timely respond, Defendants waived their right to oppose the Motion to Compel. See M.D.N.C. LR 7.3(k). Additionally, "[i]f a respondent fails to file a response within the time required . . ., the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Id. Under the circumstances, the Court discerns no reason to depart from this general rule, but instead finds good cause to order Defendants to provide the responses and documents requested in Plaintiff's First Set of Interrogatories and Plaintiff's First Requests for Production of Documents.

As a final matter, the Motion to Compel expressly requests expense-shifting. (See Docket Entry 18 at 1.) Upon granting a motion to compel, a court must "require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Only three exceptions apply to the foregoing mandate: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's

nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id. In light of the representations and arguments in the Motion to Compel and related Memorandum, as well as the failure of Defendants to respond in opposition thereto, the Court concludes that none of these exceptions apply in this instance. Accordingly, given the generally mandatory nature of expense-shifting, the Court will direct Plaintiff to file a notice identifying its reasonable expenses incurred in litigating the instant Motion to Compel and will afford Defendants an opportunity to address the reasonableness of the claimed expenses.

## CONCLUSION

The circumstances warrant (1) allowing counsel for Defendants to withdraw, except that said counsel shall continue to receive (and to forward) papers served on Corporate Defendants, and (2) requiring Defendants to respond to discovery.

**IT IS THEREFORE ORDERED** that Attorney Kevin Bradley Cartledge's Motion to Withdraw (Docket Entry 16) is **GRANTED** as to Defendant Maynard and **GRANTED IN PART** as to Corporate Defendants, in that current counsel shall remain in the case for the limited purpose of accepting service of papers for (and forwarding them on to) Corporate Defendants, unless/until new counsel appears for Corporate Defendants. Counsel shall provide the Clerk with an

address for addition to the Docket as the place for service upon Defendant Maynard, who now proceeds pro se.

**IT IS FURTHER ORDERED** that Corporate Defendants shall cause new counsel to file a notice of appearance on their behalf by November 10, 2017. Failure to comply with this Order shall result in the imposition of case-dispositive sanctions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Docket Entry 18) is **GRANTED**. On or before November 10, 2017, Defendants shall serve full and complete responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. Failure by Defendants to comply with this Order shall result in the imposition of case-dispositive sanctions.

**IT IS FURTHER ORDERED** that, on or before November 10, 2017, Plaintiff shall file a notice setting out the reasonable expenses she incurred in litigating the Motion to Compel. Failure by Plaintiff to comply with this Order shall result in denial of any expense-shifting as to the Motion to Compel.

**IT IS FURTHER ORDERED** that, if Plaintiff timely files a notice setting forth the reasonable expenses she incurred in litigating the Motion to Compel, Defendants shall file, on or before November 24, 2017, **EITHER** a memorandum of no more than three pages (excluding attachments) contesting the reasonableness of the expenses claimed (along with a certificate that Defendants have conferred in good faith with Plaintiff about such matters), **OR** a

notice agreeing to pay the claimed expenses.  The failure by Defendants to comply with this Order shall result in an award of expenses claimed by Plaintiff.

**IT IS FURTHER ORDERED** that, if Defendants timely file a memorandum contesting the reasonableness of the claimed expenses, Plaintiff shall file, on or before December 8, 2017, a memorandum of no more than three pages (excluding attachments) responding to Defendants' memorandum.  Failure by Plaintiff to comply with this Order shall result in denial of any expenses contested by Defendants.

**IT IS FURTHER ORDERED** that, if Plaintiff timely files such a response memorandum, Defendants may file, on or before December 15, 2017, a reply of no more than two pages (excluding attachments).

                                          /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                 **United States Magistrate Judge**
October 27, 2017