IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KRYSTINN L. SYDELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV1143 |
| | ) | |
| LIFEMED USA, INC., | ) | |
| THE LIFEMED GROUP, INC., and | ) | |
| MURRAY MAYNARD, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND DEFAULT JUDGMENT**

LORETTA C. BIGGS, District Judge.

Before the Court is Plaintiff's Motion for Default Final Judgment. (ECF No. 35.) For the reasons stated below, Plaintiff's motion is granted.

### I. PROCEDURAL BACKGROUND

Plaintiff filed a Complaint in this Court on September 14, 2016, pursuant to 28 U.S.C. § 1332(a), alleging various violations arising out of her employment with Defendants to include violations of the North Carolina Wage & Hour Act, and the Retaliatory Employment Discrimination Act ("REDA"). (ECF No. 1.) Defendants answered the Complaint, (ECF Nos. 5, 8), and on September 13, 2017, counsel for the Defendants filed a motion to withdraw, stating that Defendants "have no resource or intent to defend this matter further." (ECF No. 16 at 1.) On October 27, 2017 this Court entered a Memorandum Opinion and Order which, among other things, allowed Defendants' counsel to withdraw, directed the corporate

Defendants to retain new counsel, and ordered Defendants to comply with discovery. (ECF No. 25 at 6–7.) On December 12, 2017, Plaintiff filed a Request for Entry of Default against all Defendants for failure to comply with the October 27, 2017 Order of the Court. (ECF No. 28.) On January 3, 2018, this Court entered a Text Order granting Plaintiff's Request for Entry of Default, striking Defendants' Answers to the Complaint, and ordering the Clerk of Court to enter default as to each Defendant. On January 4, 2018, the Clerk of Court entered default against all Defendants. (ECF No. 29.) Plaintiff now seeks default judgment from this Court.

## II. LEGAL STANDARD

"Entry of default judgment is left to the discretion of the court." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). "Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012). However, "[t]he defendant is not held . . . to admit conclusions of law," as "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). To determine whether to enter judgment on a defendant's default, the court examines whether the well-pleaded allegations in the complaint support the relief sought in the case. *Id.* "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206. If the court determines that liability has been established, the court must then determine damages. *Romenski*, 845 F. Supp. 2d at 706. Unlike allegations involving liability, allegations regarding damages are not

deemed admitted by a defendant's default. *Lawbaugh*, 359 F. Supp. 2d at 422. "The court must make an independent determination regarding damages." *Romenski*, 845 F. Supp. 2d at 706. In determining damages, the court may conduct an evidentiary hearing or rely on affidavits or documentary evidence in the record. *Id.*

### III. PLAINTIFF HAS ESTABLISHED LIABILITY

Plaintiff's Complaint sets forth the following claims against Defendants: (1) Violation of the North Carolina Wage & Hour Act; (2) Violation of REDA; (3) Wrongful Discharge in Violation of North Carolina Public Policy; (4) Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing; (5) Unjust Enrichment; and (6) Conversion. (ECF No. 1 ¶¶ 58–97.) As stated earlier, Defendants' Answers have been stricken by Order of the Court due to their failure to comply with orders of the Court, including discovery orders, and their failure to appear for properly noticed depositions.[1] The Court, having carefully considered the allegations in Plaintiff's Complaint, which are well-pleaded and hereby taken as true, finds that Plaintiff has established that Defendants, jointly and severally, are liable to her on each of her claims.

Plaintiff is, therefore, entitled as a matter of law to entry of default judgment with respect to each of the claims outlined in her Complaint.

---

[1] Under Rule 37 of the Federal Rules of Civil Procedure, a court may issue an order rendering a judgment by default if a party disobeys a discovery order issued under Rules 26(f), 35, or 37(a), Fed. R. Civ. P. 37(b)(2)(A)(vi), or if a party fails to attend its own deposition or serve answers to interrogatories, *see* Fed. R. Civ. P. 37(d).

## IV. PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES

Because Plaintiff's allegations of damages are not deemed admitted by Defendants' default, the Court will make an independent determination of Plaintiff's damages based on the record. The Fourth Circuit has articulated the following factors as relevant in a court's determination of the appropriate amount of damages: "the severity of the violation; the degree of harm to the plaintiff; the relative financial burdens of the parties; and the purpose to be served by imposing statutory damages." *J & J Sports Prods., Inc. v. Olmos*, No. 5:08CV33-V, 2010 WL 625283, at *2 (W.D.N.C. Feb. 19, 2010) (citing *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 330 n.8 (4th Cir. 2008)).

The Court makes the following findings to provide context for its determination of an appropriate award of damages: On September 5, 2014, Plaintiff entered an Employment Agreement (the "Agreement") with Defendants. (ECF No. 37-2.) The Agreement provided, in pertinent part, that Plaintiff would be paid a base salary of $75,000 and a commission program where based on Plaintiff's performance she would receive an additional $75,000. (*Id.* at 1.) Plaintiff would be paid bi-weekly at a rate of $2,884.62 less payroll deductions and all required withholdings. (*Id.*) The Agreement also provided that Plaintiff would be provided a $500 per month car allowance and a monthly allowance of $600 per month to pay for a private health insurance policy. (*Id.*) During her employment, Defendants "randomly and intermittently" paid Plaintiff from Defendant Maynard's personal account with no accounting for benefits or payroll taxes. (ECF No. 1 ¶ 29; ECF No. 1-1 at 3.) In May 2015 Defendants engaged an accounting firm, Bober, Markey and Fedorovich ("BMF"), to determine what Defendants owed to Plaintiff in back wages and taxes. (ECF No. 1 ¶ 30; ECF No. 37-8 ¶ 5.)

Defendants also agreed to make catch-up payments to Plaintiff for the back wages owed to her. (ECF No. 37-7; ECF No. 37-8 ¶ 10.) Plaintiff repeatedly requested to be paid, and, although Defendants promised to do so, they rarely paid her as set forth in the Agreement. (ECF No. 37-8 ¶¶ 14–15.) On October 19, 2015, without notice or authority, there was an unauthorized cash sweep of $45,657 from Plaintiff's bank account back into Defendants' account. (ECF No. 1 ¶ 42.) Defendant Maynard chastised Plaintiff twice for threatening to sue him and BMF over her missing wages. (*Id.* ¶ 50.) On February 17, 2016, Defendants terminated Plaintiff. (*Id.* ¶ 55.) Plaintiff seeks monetary damages as follows: (a) $119,278.55 in unpaid back wages; (b) $7,660.80 in unpaid medical expenses; (c) $41,712.88 in unpaid tax liability; (d) $124,438.36 in lost wages; (e) $13,724.10 in unpaid reimbursable business expenses; (f) prejudgment interest to be determined; (g) $357,835.65 in treble damages; and (h) $100,000.00 in attorneys' fees. (ECF No. 37 at 24.)

Considering the factors outlined by the Fourth Circuit and the record before the Court, the Court finds, and concludes as a matter of law, that Plaintiff is entitled to the following damages from Defendants:

(a.) <u>Unpaid Back Wages (Breach of Contract)</u>—BMF determined that during a period of 22 pay periods, Plaintiff was due gross wages in the amount of $143,000.00 and net wages of $103,161.00, less actual payments made to her in 2014 of $15,000.00 and in 2015 of $25,700.00, yielding the remaining back wages due to her of $62,461.00. (ECF No. 37-8 ¶ 9; ECF No. 37-12 at 2–3; ECF No. 37-13.) Extrapolating these sums out over 37 pay periods, the amount

of time Plaintiff actually worked, yields damages of **$119,278.55** in total unpaid back wages owed to Plaintiff by Defendants. (ECF No. 37 at 15–16.).

(b.) <u>Unpaid health expenses (Breach of Contract)</u>—Though Defendants contracted to pay Plaintiff a health care stipend in the amount of $600, Plaintiff was able to obtain health and dental cost for $425 dollars per month. (ECF No. 37 at 16.) There is no evidence that Plaintiff was ever paid the monthly stipend for health benefits during the 18 months she was employed by Defendant, and therefore Plaintiff is entitled to damages in the amount of **$7,660.80** for unpaid health expenses by Defendant. (*Id.* at 24.)

(c.) <u>Tax Liability</u>—The evidence in the record shows that BMF calculated that as of June 16, 2015 Defendants owed $49,819.00 to state and federal tax authorities for the back wages that had not been paid on behalf of Defendant. (ECF No. 37-8 ¶ 9.) Given the payments made by Defendants since BMF's 2015 audit, the Court will award to Plaintiff the **$41,712.88** that she seeks in unpaid tax liability. (ECF No. 37 at 24.)

(d.) <u>Unpaid reimbursable business expenses</u>—Defendant is entitled to **$13,193.10** in unpaid reimbursable business expense. (ECF No. 37-12 at 2; ECF No. 37 at 17.)

(e.) <u>Lost Wages (Wrongful Discharge and REDA Violations)</u>—Plaintiff seeks $124,438.36 in lost wages. It is the public policy of the State of North Carolina to ensure that employers do not retaliate against employees who engage in protected activity covered by REDA as set for in the N.C. Gen Stat. § 95-241.

Though Plaintiff argues in her brief that she is entitled to lost wages in the amount of $124,438.36 and sets forth in her brief how she arrived at that figure, (ECF No. 37 at 18–19), Plaintiff produces no independent evidence for this Court to make an independent determination that she is entitled to lost wages. Accordingly, the Court will not allow Plaintiff's requested damages.

(f.) <u>Prejudgment Interest</u>—This case appears to fall within the "broad category" of contract cases in which prejudgment interest is a matter of discretion by the Court. *See Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825, 847 (D. Md. 2005). The Court, in its discretion, will award prejudgment interest on the sum of $126,939.35 (damages for breach of contract to include $119,278.55 in unpaid wages and $7,660.80 in unpaid health expenses) at the rate of **8% per annum** from the date of Plaintiff's termination (February 17, 2016) until the sum of the judgment is satisfied.

(g.) <u>Treble Damages</u>—Under North Carolina law punitive damages may be awarded where the Court finds that a plaintiff is entitled to compensatory damages and further finds fraud, malice, or willful or wanton conduct. N.C. Gen. Stat § 1D-15(a). This Court concludes that Defendants' conduct was willful and wanton, in that it was conscious, intentional, and showed a disregard for the rights of Plaintiff. *See* N.C. Gen Stat. § 1D-5(7). Plaintiff has established that she is owed compensatory damages of $119,278.55 for unpaid wages, which, when trebled, is **$357,835.65**.

(h.) <u>Attorney's Fees</u>—N.C. Gen Stat. § 95-25.22(d) provides, in pertinent part, that the Court may order any employer that violates the minimum wage or wage payment provisions of the North Carolina Wage and Hour Act to pay a plaintiff "in addition to any judgment awarded to plaintiff, . . . costs and fees of the action and reasonable attorneys' fees." N.C. Gen Stat. § 95-25.22(d). In addition, reasonable costs and attorneys' fees may be awarded to a plaintiff against an employer where that employer has violated REDA. N.C. Gen. Stat. § 95-243(c). Having determined that Defendants are liable to Plaintiff under REDA and the NC Wage and Hour Act, the Court, the Court will award reasonable costs and attorneys' fees. Though Plaintiff's brief requests an attorneys' fee award of $100,000.00, (*see* ECF No. 37 at 24), such fee is not support by evidence in the record. The evidence of record supports reasonable attorneys' fees of **$37,935.00 and costs of $623.95** based on the lodestar analysis. (*See* ECF Nos. 38 and 38-1); *see Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998).

## V. CONCLUSION

This Court having concluded that Defendants are liable to Plaintiff on each of the claims in her Complaint further finds that Plaintiff is entitled to recover from Defendants, jointly and severally, damages as follows: (a) unpaid back wages in the amount of $119,278.55 which amount shall be trebled for a total amount of **$357,835.65**; (b) unpaid health expenses in the amount of **$7,660.80**; (c) unpaid tax liability of **$41,712.00**; (d) unpaid reimbursable business expenses of **$13,193.10**; and (e) reasonable costs and attorneys' fees of **$38,558.95**.

In addition, Defendants shall be liable to Plaintiff for prejudgment interest on the sum of $126,939.35 (damages for breach of contract to include unpaid wages and health expenses) at the rate of **8% per annum** to be determined from the date of Plaintiff's termination (February 17, 2016) until this sum of the judgment is satisfied.

For the reasons outlined in this above, the Court enters the following:

### ORDER AND JUDGMENT

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Default Final Judgment, (ECF No. 35), is GRANTED, and the Clerk of Court is directed to enter Default Judgment in favor of Plaintiff, Krystinn L. Sydell, and against each Defendant, jointly and severally, in the total amount of $424,590.50, plus prejudgment interest on the sum of $126,939.35 at the rate of 8% per annum from February 17, 2016 until that amount of the judgment has been satisfied.

This, the 29th day of March, 2019.

/s/ Loretta C. Biggs
United States District Judge